# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FEYSAL AYATI-GHAFFARI §
 § Civil Action No. 4:18-CV-483
v. § (Judge Mazzant/Judge Nowak)
 §
JP MORGAN CHASE BANK, N.A., ET AL. §
 §

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 31, 2018, the report of the Magistrate Judge (Dkt. #47) was entered containing proposed findings of fact and recommendations that Plaintiff Feysal Ayati-Ghaffari's "Emergency Motion for Relief from 9/4/2018 Auction to Properly Plead" (Dkt. #25) be denied. Having received the report of the Magistrate Judge (Dkt. #47), having considered Plaintiff's Objection (Dkts. #49, #50), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #47) should be adopted.

## RELEVANT BACKGROUND

Plaintiff seeks to enjoin foreclosure of the real property located at: 4508 Lone Grove Lane, Plano, Texas 75093 (the "Property") scheduled for September 4, 2018 (Dkt. #37). On August 31, 2018, the Court held a Hearing on Plaintiff's Motion, at which Plaintiff articulated four (4) reasons he believed the foreclosure sale should be enjoined: (1) the 2013 Loan does not exist, (2) Plaintiff is not in default on any Loan, (3) Defendant does not own the mortgage, and (4) Plaintiff was provided insufficient notice of the foreclosure sale. At the conclusion of the Hearing, the Magistrate Judge advised the Parties she intended to recommend Plaintiff's request for injunctive relief be denied. Thereafter, the Magistrate Judge entered a written Report and Recommendation,

recommending that the Court deny "Emergency Motion for Relief from 9/4/2018 Auction to Properly Plead" (Dkt. #25).  On that same date, August 31, 2018, Defendant filed his "Emergency 'TRO' 9/4/2018 Denied Appellant's Memorandum in 8/31/2018 Opposition of Motion to Remand for Appeal" and attachments, which the Court broadly construes as Plaintiff's objections to the Report and Recommendation (Dkts. #49, #50).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  The Magistrate Judge found Plaintiff's claims may well be barred by the doctrine of res judicata, and as such, that Plaintiff had failed to show a substantial likelihood of success on the merits.  The Magistrate Judge further found Plaintiff's argument that he was not provided sufficient notice of the foreclosure sale was unsupported by the record.

The Court has reviewed the entirety of the pleadings in this matter and has broadly construed the arguments presented in Plaintiff's objections.  From this, the Court surmises that Plaintiff raises three main arguments or objections: (1) Plaintiff did not receive sufficient notice of the foreclosure of the Property; (2) Plaintiff is not in default; and (3) Defendant does not own the mortgage.  Plaintiff previously asserted each of these arguments before the Magistrate Judge.

*Notice of Foreclosure Sale*

Plaintiff first argues that "[t]he [C]ourt rendered denied Order on 8/31/2018 for Trustee-sale on 9/4/2018 without proper Notice. . . .Appellant, who was entitle[d] to receive notice of the entry of Trustee-Sale filing with the Collin County, Texas on 8/14/2018, did not receive notice under 8/18/2018 for 9/4/2018 Auction" (Dkt. #49 at p. 1).  Plaintiff continues that because he

2

received the notice of foreclosure on August 18, 2018, he did not receive the required thirty (30) days of notice of the foreclosure. Regarding this issue, the Report and Recommendation found:

> At Hearing, Plaintiff argued, for the first time, that Defendant was unable to foreclose on the Property because Defendant's Notice of Foreclosure was untimely under Texas state law.
>
> ***
>
> Indeed, under [Texas Property Code] § 51.002, which governs the sale of real property under a contract lien, "notice of the sale... must be given at least 21 days before the date of the sale by... serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." Tex. Prop. Code § 51.002(b)(3). Furthermore, "[s]ervice of a notice under this section by certified mail is complete when the notice is *deposited in the United States mail*, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(e). As Defendant represented at Hearing, Defendant mailed a Notice of Foreclosure to Defendant on August 14, 2018 [Defendant's Exhibit 3], twenty-one days prior to the foreclosure of the Property, scheduled for September 4, 2018. Plaintiff's argument that he was not provided timely notice of the foreclosure is unsupported by the record.

(Dkt. #47 at p. 11–12). As the Magistrate Judge correctly noted, service of a notice of foreclosure sale under § 51.002(e) is complete upon deposit in the United States mail, not upon actual receipt, as Plaintiff suggests. *Adebo v. Litton Loan Serv., L.P.,* No. 01–07–00708–CV, 2008 WL 2209703, at *4 (Tex. App.–Houston [1st Dist.] May 29, 2008, no pet.) ("[T]he dispositive inquiry under section 51.002(e)... is not *receipt* of notice, but, rather, *service* of notice.") (emphasis in original). Furthermore, Plaintiff is entitled to twenty-one (21) days of notice, not thirty (30) days of notice. Tex. Prop. Code § 51.002(b) ("notice of the sale... must be given at least 21 days before the date of the sale."). This objection is overruled.

## *Res Judicata*

Plaintiff's other objections merely reiterate the various arguments the Report and Recommendation found are likely barred by res judicata (i.e., Defendant "has no right to

foreclosure;" Plaintiff "was not behind monthly $795") (Dkt. #49 at p.2). The Report and Recommendation specifically noted:

> in the prior state court matter, the Court addressed the merits and subsequently dismissed nearly identical allegations and claims as those currently before the Court; namely, Plaintiff's allegations that (1) Defendant lacked the ability to enforce the 2008 Deed of Trust because Defendant has not shown proof "in court that it owns the mortgage and has the Right to foreclose on it" and that Defendant "failed to provide the 2/19/2013 closing services for which plaintiff contracted by failing to continue the rest of the 30 years Mortgage agreement" [Dkt. 1-4 at 3, Defendant's Exhibits 6, 7], and (2) Defendant may not foreclose on the Property because "Plaintiff paid Jury fees on 12/9/2013 and jury verdict is not against him, he has 2007 Superior-Title and request that the court declare void the interest of the other party as it is invalid" [Dkt. 1-4 at 2, Defendant's Exhibits 6, 7]. Also notable, at Hearing, Plaintiff seemingly conceded that the claims at issue are identical claims to those asserted in the First Lawsuit; stating under oath that any time he received a foreclosure notice he was going to "run" to the Court and that both the prior suit and the instant suit involved "one house, one issue, one party."

(Dkt. #47 at p. 8). Plaintiff's objections fail to address any of the res judicata elements; he does not identify any reasons that the Magistrate Judge's findings are incorrect. Rather, Plaintiff continues to reiterate his belief that Defendant is not the owner of the mortgage. With respect to this argument, at Hearing, Defendant proffered the 2014 Assignment of Deed of Trust (Defendant's Exhibit #10). Plaintiff also claims that he is not in default, but he offers no evidence of such fact. At Hearing, Defendant further proffered Defendant's Summary of Payment of Taxes and Insurance with Supporting Payment History (Defendant's Exhibit #12), reflecting Plaintiff's last payment was made in 2013. In addition, upon independent review, the Court finds that the elements of res judicata have been met and these arguments are barred. Accordingly, Plaintiff's objection is overruled.

Finally, the Court clarifies the recommendation provided by the Magistrate Judge. Plaintiff asks the Court not to "remand the three Consolidated cause[s] of action from Federal to the State of Texas for appeal, and just" (Dkt. #49 at p. 2). The Report and Recommendation only

4

recommended that Plaintiff's request for emergency injunctive relief be denied; the recommendation did not encompass any findings as to the remand of the instant case or Plaintiff's other pending matters.

In sum, after a thorough review of the record in this matter and specifically Plaintiff's objections, the Court finds that Plaintiff is not entitled to emergency injunctive relief.

## CONCLUSION

Having considered Plaintiff's objections (Dkts. #49, #50), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #47) as the findings and conclusions of the Court.

It is **ORDERED** that Plaintiff Feysal Ayati-Ghaffari's "Emergency Motion for Relief from 9/4/2018 Auction to Properly Plead" (Dkt. #25) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 4th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE