# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FEYSAL AYATI-GHAFFARI | § | |
| | § | Civil Action No. 4:18-CV-483 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| JPMORGAN CHASE BANK, N.A., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's "Motion & Notice of Motion for Recuse" ("Motion to Recuse") (Dkt. #82). Having considered the relevant pleadings, the Court finds Plaintiff's Motion to Recuse (Dkt. #82) should be denied.

Plaintiff filed the instant suit in state court on June 6, 2018, raising claims related to foreclosure proceedings of the real property located at: 4508 Lone Grove Lane, Plano, Texas 75093 (the "Property") (Dkt. #1-4). Defendants removed this matter to the Eastern District of Texas on July 9, 2018 (Dkt. #1). On August 20, 2018, Plaintiff filed an emergency motion seeking to enjoin foreclosure proceedings on the Property (Dkt. #25). On August 31, 2018, the Magistrate Judge entered a written Report and Recommendation, recommending that the Court deny "Emergency Motion for Relief from 9/4/2018 Auction to Properly Plead" (Dkt. #25). The undersigned adopted the Report's recommendation to deny Plaintiff's request for injunctive relief on September 4, 2018 (Dkt. #52).

On October 18, 2018, the Magistrate Judge ordered two of Plaintiff's pending cases, *Ayati-Ghaffari v. JP Morgan Chase Bank, NA, et al.*, No. 4:18-CV-00483 and *Ayati-Ghaffari v. JP Morgan Chase Bank, NA*, No. 4:18-CV-00602, to be consolidated (Dkt. #68). On December 12, 2018, the undersigned overruled Plaintiff's objections to the Magistrate Judge's October 18, 2018 Order, and ordered the above-mentioned cases to be consolidated (Dkt. #72).

Plaintiff filed the instant Motion to Recuse on January 7, 2019, seeking to recuse the undersigned under 28 U.S.C. § 455 (*see* Dkts. #82; #82-2). As the basis for recusal, *pro se* Plaintiff alleges that the undersigned "cannot be an impartial arbiter of these 3 cases" because "he has a personal knowledge of a disputed fact;" Plaintiff continues "[i]t is not that the [J]udge Amos L. Mazzant having these 3 cases for the first time front of him" (Dkt. #82-2 at pp. 1–2). Aside from these statements, the remainder of Plaintiff's Motion to Recuse merely continues to assert Plaintiff's belief that the prior recommendations and/or rulings of the Magistrate Judge, which this Court properly considered, are erroneous.

Under § 455, Plaintiff, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an

observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974).

Plaintiff cites as the basis for recusal § 455(b), stating "a judge should recuse himself or herself in the judge's relation to one or more of the participants in the case would create a conflict of interest." Plaintiff fails to identify any relationship between the undersigned and any participant in this case. Plaintiff's citation appears to stem from his statement that the undersigned has previously or currently presides over one or more of Plaintiff's cases. This fact alone however cannot form the basis of a motion to recuse. "[T]rial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 545, 555 (1994) (emphasis in original) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). A judge's rulings instead "are proper grounds for appeal, not for recusal." *Id.* at 555. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). The Court finds no basis for recusal in this matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's "Motion & Notice of Motion for Recuse" ("Motion to Recuse") (Dkt. #82) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 5th day of February, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE