# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FEYSAL AYATI-GHAFFARI § | |
| § | Civil Action No. 4:18-CV-483 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| JP MORGAN CHASE BANK, N.A., ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 10, 2019, the report of the Magistrate Judge (Dkt. #93) was entered containing proposed findings of fact and recommendations that Plaintiff Feysal Ayati-Ghaffari's "Emergency Plaintiff's Request for Declatory [sic] Judgment of Viuolation [sic] of Contract Law Fraud" (Cause No. 4:18-cv-602, Dkt. #5), "Dismissal Motion for Relief from Fictitious Parties" (Dkt. #12), "Memorandum in Support of Motion for Rule 11 Sanctions" (Dkt. #18), "Memorandum in Support of Motion for Rule 11 Second (2nd) Sanctions & Contempt for 8/9/2018" (Dkt. #20), "Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (Dkt. #32), and "Memorandum in Support of Motion for a More [Definite] Statement & Response to Defendant's Briefing and Failure to Join" (Dkt. #57) each be denied, and that Defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim (Dkt. #64) be granted. Having received the report of the Magistrate Judge (Dkt. #93), having considered Plaintiff's Objections (Dkts. #95; #96; #97; #100; #101; #104; #111; #112; #113; #114), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #93) should be adopted.

## RELEVANT PLEADINGS

The Magistrate Judge has already outlined the relevant background to the Court's consideration of Plaintiff's Objections (Dkt. #93 at pp. 1-6); the Court does not restate the same herein. Plaintiff's (construed) Amended Complaint is the live pleading in this matter (Dkt. #60). In the Amended Complaint, Plaintiff asserts claims to quiet title and for breach of contract, both premised on Plaintiff's assertion that Defendant lacks standing to foreclose on the Property. Defendant filed its Motion to Dismiss Amended Complaint for Failure to State a Claim on September 19, 2018 (Dkt. #64). On February 10, 2019, the Magistrate Judge entered a written Report and Recommendation, recommending that the Court grant Defendant's pending Motion to Dismiss, and deny each of Plaintiff's then pending motions.

Specifically, the Magistrate Judge found Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because: (1) Plaintiff's claims are barred by the doctrine of res judicata; (2) Plaintiff's argument that Defendant lacks standing to foreclose on the Property lacks merit; (3) without an interest in the Property, Plaintiff can maintain a claim to quiet title; and (4) Plaintiff's breach of contract claim is time-barred. The Report also found that Plaintiff's Motion for Sanctions should be denied because "Plaintiff's assertions that Defendant's conduct is sanctionable is unfounded. Plaintiff has failed to state a claim for relief; Defendant's Motion to Dismiss was neither frivolous, nor vexatious" (Dkt. #93 at p. 21). Plaintiff objects that "defendant filing frivolous unacceptable pleading without inception date of nonexistent contract erroneously in violation of Fed. R. Civ. P. 11(b)" (Dkt. #101 at p. 4).

Subsequent to entry of the Report, Plaintiff has made fifteen additional filings, which broadly construed, constitute either Objections to the instant Report or independent motions for relief. Herein, the Court considers those filings which may be intended to state objections to the Report:

(1) "Fifth-Plaintiff's Object [sic] & Response to Unrecognized-Party [Dkt. 87, 89, 90, 91, 92, 93] Striken [sic] & Vacated Because Proven Real Party in Interest Does Not Exist to Enforce the Nonexisted 'Lost-Mortgage-Note' [Dkt. 83] Deemed to be Unopposed" (Dkt. #95);

(2) "Sixth-Plaintiff's Recusal Objections Memorandum in Opposition to Defendant's Motion to Dismiss Robosigning-Court-Neglected 100% Local Rule CV-26(D) Lost Note & Chase is Notproven-Party-in-Interest [sic] Duty to Disclose" (Dkt. #96);

(3) "Seventh-Plaintiff's Special Exceptions to JPMorgan Chase Bank's Removal Discovery & Rule 12(b)(6)" (Dkt. #97);[1]

(4) "Eighth-Plaintiff's Objections and Motiont o Abate Invalidity of Foreclosures Deemed to be Unopposed" (Dkt. #100);[2]

(5) "Ninth-Plaintiff's Objections to Magistrate Judge's Recommendations Chase is Noproven-Party-in-Interest [sic] Duty to Disclose" (Dkt. #101);

(6) "Plaintiff's Memorandum in Support of Unopposed Motion to Dismiss for Failure to Join an Indispensable Party" (Dkt. #104);

(7) "Twelfth-Plaintiff's Response [Dkt. 106] & Memorandum in Support of Motion for a More Definite Statement 'Duty to Disclose' Foot Dragging" (Dkt. #111);

(8) "13th Plaintiff's Memorandum in Support of Motion to Dismiss the Dockets" (Dkt. #112);[3]

(9) "14th Plaintiff's Response to Unknown/Unrecognized Defendant's Response for Failure to Join an Indispensable Party [Dkt. 110] Removal from Docket to Dismiss" (Dkt. #113); and

---

[1] Plaintiff's Special Exceptions to the Motion to Dismiss are procedurally improper in federal court; even broadly construed as a motion for more definite statement, Plaintiff's request is untimely as it was filed after Plaintiff filed numerous responses to the Motion to Dismiss. *See Pennington v. Carmax Auto Superstores Inc.*, CIV.A. H-09-1937, 2010 WL 1050266, at *2 (S.D. Tex. Mar. 17, 2010). Plaintiff's Special Exceptions are therefore denied. However, in light of Plaintiff's *pro se* status, the Court construes these filings as part of Plaintiff's Objections (Dkts. #97; #111).
[2] Plaintiff contends that "[b]ecause the nonowner cannot foreclose, the [C]ourt should abate [Defendant's] facially defective validity of three foreclosures claim until the defect is corrected" (Dkt. #100 at p. 4). The Court construes this filing as an objection to the Report's finding that Defendant has standing to foreclose on the Property; because the Court adopts such finding, as discussed *infra*, the Court denies Plaintiff's Motion to Abate (Dkt. #100).
[3] Defendant has not raised any counterclaims; therefore, insofar as Plaintiff seeks to dismiss Defendant's "claims", such request should be denied. However, the Court construes such filing as objections to the Report.

(10) "16th Plaintiff's Response to Unknown/Unrecognized-Defendant's Response to Plaintiff's Motion to Abate [Dkt. 107] Dismiss Entire 3 Removal Dockets" (Dkt. #114).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

The Court has reviewed the entirety of Plaintiff's Objections; much like Plaintiff's prior pleadings, the filings are unclear. The Court can discern only that Plaintiff continues to insist Defendant does not "own the mortgage" and/or "hold the Note" and therefore, is unable to foreclose on the Property (Dkts. #95; #96 at p. 3; #97; #100 at p. 3; #101; #104 at p. 2; #111; #112; #113; 114; #115; #116). Stemming from this assertion, Plaintiff argues that: (1) res judicata cannot be raised in a motion to dismiss; (2) "[w]here a bank does not own a mortgage at the time of filing 7/5/2013 foreclosure action, the case must be dismissed for failing to comply with statutory requirement of standing;" (3) "the bank fails to provide documented chain of title from 2008 showing how they came to acquire ownership of the mortgage note, they will be removed from the property title. . . the cloud of title must be removed because the Chase is nonproven party in interest;" and (4) "[t]here is no valid written contractual signed agreement exist between the parties to be enforceable or it is subject to the statutes of frauds." Plaintiff previously asserted each of these arguments before the Magistrate Judge.

4

*Res Judicata*

> The Report found that Plaintiff's claims are barred by res judicata because:
>
> It is clear that each of the elements are met in this matter and that the application of res judicata is proper. In relation to the first element, the Parties in the instant suit and the 2013 State Court Action are identical. The second element is similarly met as the 417th Judicial District Court of Collin County, Texas, a court of competent jurisdiction, had jurisdiction over the 2013 State Court Action. In relation to the third element, the Court also finds that there was a final judgment on the merits in the 2013 State Court Action.
>
> ∗∗∗
>
> Comparing the claims and allegations presented in the 2013 State Court Action and those presented in the instant suit, it is apparent that both suits involve the same nucleus of operative facts, as in both cases, Plaintiff challenges the ability of Defendant to foreclose under the 2008 Deed of Trust and raises breach of contract and quiet title claims on this basis.
>
> ∗∗∗
>
> In the 2013 State Court Action, the state court addressed the merits and subsequently dismissed nearly identical allegations and claims as those currently before the Court; namely, Plaintiff's allegations that Defendant lacks the ability to foreclose on the Property because Defendant has not established its ownership of the Loan and that Defendant released the amount due and owing under the 2008 Loan with the 2013 Release.

(Dkt. #93 at pp. 10–12). Plaintiff objects that "[r]es judicata cannot be brought in [a] motion to dismiss" (Dkt. #101 at p. 3). Plaintiff is mistaken. As the Report pointed out, "'generally a res judicata contention cannot be brought in a motion to dismiss" because it "must be pleaded as an affirmative defense,' (*Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)), '[d]ismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings.'" *Kan. Reinsurance Co. v. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). The Report found that res judicata was apparent on the face of the pleadings, and upon independent review, the undersigned agrees; the application of res judicata to Plaintiff's claims is clearly apparent on the face of his pleadings. Accordingly, Plaintiff's objection is overruled.

*Defendant's Standing*

Again, Plaintiff's primary contention is that Defendant does not own the Note and therefore, cannot foreclose on the Property (Dkts. #95; #96; #97; #100; #101; #104; #111; #112; #113; #114). Specifically, Plaintiff asserts that "Defendant Chase has not established to own the promissory note secured by the trust deed, [Defendant] is unable to assert a claim for payment in this case, because that the plaintiff Ghaffari has superior title & note" (Dkt. #101 at p. 3). Plaintiff avers that the Court cannot grant the Motion to Dismiss because Freedom Mortgage Corporation[4] is a necessary party to the suit" (Dkt. #104 at p. 2; *see also* Dkt. #100 at p. 2). To this point, the Report found that "Plaintiff is mistaken in his belief. . . .'the law is well-established in Fifth Circuit precedent that the last assignee of record of a deed of trust has standing to foreclose'. . . . Defendant is [ ] the last assignee of the 2008 Deed of Trust. This fact alone establishes '[Defendant's] standing to foreclose without production of any other documentation regarding Chase's ownership of the loan'" (Dkt. #93 at pp. 16–17). The Report also clarified that "insofar as Plaintiff also or alternatively asserts that Defendant may not foreclose because it has not established its ownership of the 2013 Loan, the Court notes that the 2013 State Court Action determined that the 2013 refinancing attempt was unsuccessful and as a result, the 2013 Loan does not exist; accordingly, any allegations related to a 2013 Loan is irrelevant" (Dkt. #93 at p. 17). Plaintiff's objections merely doggedly re-raise arguments already considered and rejected by the Report. Plaintiff does not offer any authority contrary to that considered in the Report. Indeed, as the current holder of the 2008 Deed of Trust, Defendant has the authority to foreclose on the 2008 Loan. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Plaintiff's objection is overruled.

---

[4] On March 25, 2014, Mortgage Electronic Registration Systems, Inc, as Nominee for Freedom Mortgage Corporation assigned the Deed of Trust to Defendant (Dkt. #64-4).

*Quiet Title Claim*

Regarding Plaintiff's quiet title claim, the Report found that "Plaintiff conveyed to the Lone Grove Family Trust 'the Property, together with all and singular the rights and appurtenances thereto in any way belonging,'" and therefore "[b]ecause Plaintiff does not hold an interest in the Property, Plaintiff's quiet title claim should be dismissed under Rule 12(b)(6). In addition. . . Plaintiff's pleadings do not allege any facts suggesting his claim to title of the Property is superior to Defendant's claim" (Dkt. #93 at p. 19). Plaintiff asserts that "if [Defendant] fails to provide documented chain of title from 2008 showing how they came to acquire ownership of the mortgage note, they will be removed from the property title. . . .the cloud of title must be removed because [Defendant] is nonproven [sic] party in interest" (Dkt. #101 at p. 3). Notably, Plaintiff does not address whether or not he owns an interest in the Property. Instead, Plaintiff focuses entirely on whether Defendant has an interest in the Property, an argument which does not enable Plaintiff to relief. *See Warren v. Bank of Am.*, N.A., 566 F. Appx. 379, 382 (5th Cir. 2014) (a plaintiff must also prove and recover on the strength of his own title, not the weakness of his adversary's title). Plaintiff's objection is overruled.

**Breach of Contract Claim**

Concerning Plaintiff's breach of contract claim, the Report concluded that "Plaintiff avers that the alleged breach of contract occurred on July 5, 2013. Plaintiff filed the instant suit on June 6, 2018, more than four years after this purported breach of contract. Accordingly, Plaintiff's breach of contract claim is barred by the statute of limitations" (Dkt. #93 at p. 20). Plaintiff argues that "[t]here is no valid written contractual signed agreement exist[ing] between the parties to be enforceable or it's subject to the statutes [sic] of frauds" (Dk. 101 at p. 3). Plaintiff's argument is

conclusory, nonsensical, and irrelevant to the Report's limitation finding. As a result, Plaintiff's objection is overruled.

*Motion for Sanctions*

The Report noted that because "Plaintiff has failed to state a claim for relief; Defendant's Motion to Dismiss was neither frivolous, nor vexatious," and therefore the imposition of Rule 11 sanctions was inappropriate in this matter (Dkt. #93 at p. 21). Plaintiff objects that "defendant filing frivolous unacceptable pleading without inception date of nonexistent contract erroneously in violation of Fed. R. Civ. P. 11(b)" (Dkt. #101 at p. 4). As noted supra, this statement is unsupported by fact and contrary to law. Thus, Plaintiff's objection is overruled.

*Frivolous Objections*

In addition to those objections addressed *supra*, Plaintiff raises nonsensical objections. For instance, Plaintiff argues that both the Magistrate Judge and undersigned have "robosigned" various orders and/or report(s) in this matter without knowing or considering the contents (Dkts. #96 at p. 2; #101 at p. 1). As stated previously, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles,* 677 F.2d at n.8. Plaintiff's objection is nonsensical and unfounded in the record, and is therefore overruled.

## CONCLUSION

Having considered Plaintiff's objections (Dkts. #95; #96; #97; #100; #101; #104; #111; #112; #113; #114), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #93) as the findings and conclusions of the Court.

It is **ORDERED** that Plaintiff Feysal Ayati-Ghaffari's "Emergency Plaintiff's Request for Declatory [sic] Judgment of Violuation [sic] of Contract Law Fraud" (Cause No. 4:18-cv-602, Dkt. #5), "Dismissal Motion for Relief from Fictitious Parties" (Dkt. #12), "Memorandum in

8

Support of Motion for Rule 11 Sanctions" (Dkt. #18), "Memorandum in Support of Motion for Rule 11 Second (2nd) Sanctions & Contempt for 8/9/2018" (Dkt. #20), "Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (Dkt. #32), and "Memorandum in Support of Motion for a More [Definite] Statement & Response to Defendant's Briefing and Failure to Join" (Dkt. #57) are each **DENIED**.

It is further **ORDERED** that Defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim (Dkt. #64) is **GRANTED**, and each and every of Plaintiff's claims are dismissed with prejudice.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

 SIGNED this 20th day of March, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE